IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | | |
|---|---|---|
| F. GRANDINETTI, #A0185087, | ) | NO. 1:12-cv-00528 SOM/RLP |
| | ) | |
| Plaintiff, | ) | |
| | ) | ORDER DISMISSING COMPLAINT |
| vs. | ) | AND ACTION |
| | ) | |
| CHAMPION AIR, et al., | ) | |
| | ) | |
| Defendants. | ) | |
| _____ | ) | |

## ORDER DISMISSING COMPLAINT AND ACTION

Before the court is pro se plaintiff Francis A. Grandinetti, II's prisoner civil rights action. Grandinetti is a Hawaii inmate confined at the Saguaro Correctional Center ("SCC"), in Eloy, Arizona. Grandinetti appears to be complaining about his transfer from Memphis, Tennessee, to Phoenix, Arizona, in 2007 and to be seeking injunctive relief. Grandinetti has neither submitted an *in forma pauperis* application nor paid the $350 statutory filing fee.

### I.  28 U.S.C. § 1915(g)

A prisoner may not bring a civil action or appeal a civil judgment *in forma pauperis* if:

> the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

28 U.S.C. § 1915(g).

"[Section] 1915(g) should be used to deny a prisoner's IFP status only when, after careful evaluation of the order dismissing an action, and other relevant information, the district court determines that the action was dismissed because it was frivolous, malicious or failed to state a claim." *Andrews v. King*, 398 F.3d 1113, 1121 (9th Cir. 2005).  "In some instances, the district court docket records may be sufficient to show that a prior dismissal satisfies at least one of the criteria under § 1915(g) and therefore counts as a strike."  *Id.* at 1120.

Grandinetti has filed many civil actions and appeals in the federal courts since 1995.  *See* PACER Case Locator, http://pacer.psc.uscourts.gov.  At least three of Plaintiff's prior lawsuits qualify as "strikes" under § 1915(g):

(1) *Grandinetti v. U.S. Marshals Serv.*, 1:00-cv-00489 SOM-KSC (D. Haw., § 1983 case dismissed for failure to state a claim, Aug. 1, 2001);

(2) *Grandinetti v. Bobby Ross Group Inc., et al.*, 1:96-cv-00117 (E.D. Tex., § 1983 case dismissed as frivolous and for failure to state a claim on Mar. 5, 1999); and

(3) *Grandinetti v. Iranon, et al.*, 1:96-cv-00101 (E.D. Tex., § 1983 case dismissed as frivolous and for failure to state a claim on Jan. 26, 1998).[1]

---

[1] The court has notified Grandinetti of his strikes more than once.  *See e.g.*, *Grandinetti v. Stampfle*, 1:05-cv-00692 HG; *Grandinetti v. Shimoda*, 1:05-cv-00442 JMS. Grandinetti did not seek reconsideration in either of these cases, failed to perfect his appeal in 1:05-cv-00442 JMS, and never appealed in 1:05-cv-

2

Grandinetti may not bring a civil action without complete prepayment of the $350.00 filing fee unless he is in imminent danger of serious physical injury. 28 U.S.C. § 1915(g).

## II. Imminent Danger

To meet the "imminent danger" requirement, the "threat or prison condition [must be] real and proximate," *Ciarpaglini v. Saini*, 352 F.3d 328, 330 (7th Cir. 2003) (quoting *Lewis v. Sullivan*, 279 F.3d 526, 531 (7th Cir. 2002)), and the allegations must be "specific or credible." *Kinnell v. Graves*, 265 F.3d 1125, 1128 (10th Cir. 2001).

"[T]he availability of the [imminent danger] exception turns on the conditions a prisoner faced at the time the complaint was filed, not some earlier or later time" *Andrews v. Cervantes*, 493 F.3d 1047, 1053 (9th Cir. 2007). "[T]he exception applies if the complaint makes a plausible allegation that the prisoner faced 'imminent danger of serious physical injury' at the time of filing." *Id.* at 1055. Claims concerning "imminent danger of serious physical injury" cannot be triggered solely by complaints of past abuse. *See Ashley v. Dilworth*, 147 F.3d 715, 717 (8th Cir. 1998); *Luedtke v. Bertrand*, 32 F. Supp. 2d 1074, 1077 (E.D. Wis. 1999).

---

00692 HG. Grandinetti had the opportunity to object to the court's three-strikes findings when these orders were issued or on appeal but did not.

Grandinetti's claims are largely nonsensical and are directed at the airlines on which he and other inmates traveled in 2007.  They do not support a finding that Grandinetti is in imminent danger of serious physical injury.  He may not proceed without prepayment of the civil filing fee, pursuant to 28 U.S.C. § 1915(g).

The Complaint and action are DISMISSED without prejudice.  Grandinetti may reassert these claims in a new action by concurrently submitting the entire $350.00 filing fee.  Any pending motions are DISMISSED.  The Clerk shall close the case.

IT IS SO ORDERED.

DATED: Honolulu, Hawaii, September 27, 2012.



/s/ Susan Oki Mollway
Susan Oki Mollway
Chief United States District Judge

*Grandinetti v. Champion Air, et al.*, 1:12-cv-00528 SOM/RLP; ORDER DISMISSING COMPLAINT AND ACTION; psas\3 Strikes Ords\dmp 2012\Grandinetti 12-528 SOM (1915(g))