IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | | |
|---|---|---|
| F. GRANDINETTI, #A0185087, | ) | NO. 1:12-cv-00528 SOM/RLP |
| | ) | |
| Plaintiff, | ) | ORDER DENYING MOTION FOR |
| | ) | RECONSIDERATION |
| vs. | ) | |
| | ) | |
| CHAMPION AIR, *et al.*, | ) | |
| | ) | |
| Defendants. | ) | |
| _____ | ) | |

## **ORDER DENYING MOTION FOR RECONSIDERATION**

The court dismissed Plaintiff's Complaint and action on September 27, 2012, finding that Plaintiff had accrued three strikes under 28 U.S.C. § 1915(g), did not show imminent danger of serious injury, and could not proceed without prepayment of the filing fee.  ECF #4.  Plaintiff has now filed a document stating that he never received a copy of that Order or entry of judgment, and seeks reconsideration of the dismissal of this action pursuant to Rule 59 of the Federal Rules of Civil Procedure.

Court records disclose that the Order Dismissing Complaint and Action, filed on September 27, 2012, was returned by the prison, with a notation stating, "Refused by Inmate." ECF #6.  If Plaintiff is taken at his word, and he has never received notice that his action was dismissed, there is no reason for him to be seeking reconsideration.  At most, an alleged failure to receive the Order explains Plaintiff's failure to meet the deadline for filing a Rule 59 motion for reconsideration. *See*

Fed. R. Civ. P. 59(e) (stating, "[a] motion to alter or amend a judgment must be filed no later than 28 days after the entry of the judgment."). Cognizant that it lacks authority to extend that deadline and that Plaintiff is proceeding *pro se*, this court construes the present motion as brought under Rule 60 of the Federal Rules of Civil Procedure.

Whether he did or did not receive notice of the dismissal of this action, Plaintiff provides no coherent reason for the court to reconsider its decision that he may not proceed *in forma pauperis* and that his Complaint and action should be dismissed without prejudice. He sets forth no intervening change in controlling law, new evidence, or need to correct clear error or prevent manifest injustice. *See White v. Sabatino*, 424 F. Supp. 2d 1271, 1274 (D. Haw. 2006) (citing *Mustafa v. Clark County Sch. Dist.*, 157 F.3d 1169, 1178-79 (9th Cir. 1998)). Plaintiff's Motion is DENIED.

IT IS SO ORDERED.

DATED: Honolulu, Hawaii, January 2, 2013.



/s/ Susan Oki Mollway
Susan Oki Mollway
Chief United States District Judge

*Grandinetti v. Champion Air, et al.*, 1:12-cv-00528 SOM/RLP; ORDER DENYING MOTION FOR RECONSIDERATION; G:\docs\prose attys\Recon\DMP\2013\Grandinetti 12-528 som .wpd)